UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| N. FLORA MURRAY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:12-cv-00136-NT |
| | ) |
| GMRI, INC., doing business as | ) |
| Olive Garden, | ) |
| | ) |
|     Defendant | ) |

## RECOMMENDED DECISION

Flora Murray has sued her former employer, claiming that she was discriminated against because of her age. The former employer filed a motion to dismiss and/or compel arbitration based upon a signed agreement between it and its former employee. Murray has not responded to the motion and the time for doing so has elapsed. I now recommend that the Court grant the motion and dismiss this case from the docket.

### Applicable Legal Standards

When a district court has promulgated a local rule, such as Rule 7(b) of the District of Maine Local Rules—requiring a party to file a written objection to any motion—it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002); see also ITI Holdings, Inc. v. Odom, 468 F.3d 17, 19 (1st Cir. 2006) (applying the holding of NEPSK to Rule 12(b)(6) motions). The only limitation on this discretion is that an order dismissing the case must "not clearly offend equity" or be inconsistent with the Federal Rules of Civil Procedure. Id. (quoting NEPSK, 283 F.3d at 7).

The First Circuit has held that a party who attempts to compel arbitration pursuant to the Federal Arbitration Act must show that (1) a valid agreement to arbitrate exists, (2) that the movant is entitled to invoke the arbitration clause, (3) that the other party is bound by that clause, and (4) that the claim asserted comes within the clause's scope.  Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011).  "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co., 774 F.2d 524, 528 (1st Cir. 1985) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)).  "However, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  Large v. Conseco Fin. Serv. Corp., 292 F.3d 49, 52 (1st Cir. 2002) (quoting McCarthy v. Azure, 22 F.3d 351, 354 (1st Cir. 1994)).

Essentially a court's order that the parties must submit to binding arbitration is a summary disposition of the factual issue of whether there is a valid contract that contains a binding agreement to arbitrate, and any disputed facts should be viewed in the light most favorable to the party opposing arbitration.  In other words, the presumption in favor of arbitration has no applicability to the question of whether a contract containing an arbitration clause exists in the first place.  Granite Rock v. Int'l Bhd. of Teamsters, 130 S.Ct. 2847, 2855-2856 (2010).  Because Murray is a pro se litigant, her complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).

Murray has not presented any evidence in defense of the motion to compel arbitration.  However, this court, may not automatically grant summary disposition on a potential factual

dispute simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days.  In this respect a motion to dismiss based on an agreement that compels arbitration is more like a motion for summary judgment than a Rule 12(b)(6) motion to dismiss.  The court must determine whether the factual showing in support of compelling arbitration is "appropriate," which means that it must assure itself that the moving party's submission shows that there is a factual basis to support the contention that arbitration is required.  NEPSK, Inc. v. Town of Houlton, 283 F.3d at 7-8.  Although Murray is provided some latitude as a pro se litigant, she must still defend her action within the context of the pleading rules.  See, e.g., Collins v. Colorado Dept. of Corr., Civ. No. 08-cv-02657-WYD-KMT, 2010 WL 254959, at *8 (D. Colo.  Jan. 15, 2010).

## Factual Background

The defendant has submitted the affidavit of the Director of the Dispute Resolution Process for Darden Restaurants, Inc., which includes the Olive Garden.  Accompanying the affidavit are five separate exhibits explaining the dispute resolution process in place within the Darden corporation, including a signed acknowledgement that Flora Murray executed on June 20, 2012, (ECF No. 7-3).  The exhibits reveal that defendant hired Murray to work as an Alley Coordinator (kitchen/pantry worker) at its "Olive Garden" restaurant.  In connection with her hiring, the Olive Garden provided Murray with copies of its employment policies, including a copy of its DRP Booklet.  All employment related disputes, with four limited exceptions not applicable to this case, are made subject to the DRP.  The DRP Booklet sets forth Olive Garden's dispute resolution process, which begins with an informal management-employee discussion and culminates in final, binding arbitration.  The four steps of the DRP are summarized as follows:

- Step 1: "The Open Door Policy" GMRI encourages all employees to discuss employment-related claims openly with management.

• Step 2: "Peer Review" If the "Open Door Policy" fails to resolve the employee's claim, he or she must submit a DRP Submission Form. A peer review panel comprised of two (2) fellow employees and one (1) manager will then consider each side's private presentation of the claim and render a written decision within thirty (30) days. The Peer Review is led by a trained Facilitator, who is chosen by the employee.

• Step 3: "Mediation" If either the employee or GMRI is dissatisfied with the peer review panel's decision, they may, within thirty (30) days, submit the claim to mediation. Mediation is at GMRI's expense and is to be conducted pursuant to the AAA's employment mediation rules.

• Step 4: "Arbitration" If mediation is unsuccessful, the final step in the DRP is binding arbitration. Only disputes that state a legal claim are eligible for arbitration. To initiate the arbitration procedure, the employee or GMRI must give written notice of the intent to arbitrate within thirty (30) days of the termination of mediation, or within the remaining time under the applicable statute of limitations. If the parties cannot agree on the selection of an arbitrator, one will be chosen by the arbitration service utilized, according to the AAA Employment Dispute Resolution Rules. The parties may be represented by counsel and may, with authorization from the Arbitrator, subpoena witnesses and documents for the hearing. The arbitrator may grant all legal and equitable relief available from a court of competent jurisdiction, and GMRI pays the arbitrator's fees and expenses, any costs for the hearing facility, and any costs of the arbitration service.

The DRP states that both employer and employee are required to submit disputes to the DRP process. The DRP booklet provides that DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. (emphasis in original.) As a condition of employment, the restaurant required Murray to sign an acknowledgement of receipt of the DRP Booklet. Murray acknowledged that she understood that the company was equally bound to all of the provisions of the DRP.

The Olive Garden terminated Murray's employment after she allegedly pushed a fellow employee and used verbally threatening language regarding her co-workers on July 5, 2011. On or about July 11, 2011, Murray filed a complaint with the Maine Human Rights Commission alleging age discrimination and violations of the Maine Whistleblower Protection Act. After

4

participating in an "Open Door" session with management, on or about August 9, 2011, Murray submitted a DRP Submission Form to Defendant, indicating a dispute with the defendant regarding "Work Environment," "Retaliation," "Wrongful Termination," "Benefits," and "Age." The Olive Garden has repeatedly attempted to reach an agreement with Murray regarding how and when to conduct the Peer Review Step, but Murray has failed to speak with her chosen Facilitator to plan the Peer Review process.

Murray's handwritten Complaint (ECF No. 1), filed pro se in this Court on April 23, 2012, states that she believes she was discriminated against due to her age. Specifically, in addition to other allegations of disparate treatment based on age, Murray claims she was "passed over many times for promotions and raises in favor of younger employees with little, less, or no experience." She also alleges that she received unfair or unwarranted discipline due to her age and because she filed a complaint with both the Maine Human Rights Commission and the United States Equal Employment Opportunity Commission ("EEOC"). Murray received a right to sue letter from the EEOC. Her complaint does not mention the company dispute resolution process, although she does allege she has been "denied the grievance procedures for the last 2 yrs. thru the Olive Garden as an employee and former employee."

## Discussion

Each of the four requirements set forth in First Circuit cases compelling arbitration is satisfied in this case. The DRP, to which Plaintiff expressly agreed as a condition of her employment, constitutes a valid and enforceable agreement, acknowledged in writing by Murray. The employer may invoke the arbitration clause. Both parties are required to arbitrate legal claims. It unambiguously covers the subject matter of Plaintiff's claim. Therefore, Plaintiff's

claims are subject to arbitration pursuant to the FAA and there is no valid reason why this Court should not compel the parties to arbitrate.

Having determined that "all of the issues before the court are arbitrable," the court has the discretion to either stay the proceedings or dismiss the entire action.  Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998); see also Buteau v. Affiliated Computer Servs., Inc., No. 09-cv-492-P-S, 2009 U.S. Dist. LEXIS 112622, at *3, 2009 WL 4728919, at *1 (D. Me. Dec. 3, 2009).  Defendant's Motion explicitly asks for a dismissal.  Having reviewed the entire docket, I conclude that a dismissal without prejudice to either party's right to bring an action to enforce an arbitration award is in the best interest of the parties and overall judicial economy and I would recommend that the Court proceed in that fashion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 19, 2012                    /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge